UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA PORTER,

    Plaintiff,

vs.

    CASE NO.:
    6:17-CV-346-ORL-31-TBS

BREVARD COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA PORTER, by and through undersigned counsel, hereby sues Defendant, BREVARD COUNTY SHERIFF'S OFFICE (hereafter "BCSO"), and alleges as follows:

### Nature of Action

1. This is an action for monetary damages, declaratory and injunctive relief, liquidated damages, compensatory damages and for other equitable and ancillary relief against the Defendant. The Plaintiff seeks recovery of unpaid compensation owed for all hours worked and for overtime pay which was wrongfully withheld from her. Plaintiff also seeks damages caused by being discharged from her employment in retaliation for having asserted objections to the Defendant's illegal practice of not paying overtime for all hours worked and in retaliation for her having filed a claim for Worker's Compensation. Plaintiff brings statutory claims for unpaid overtime and retaliation under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, as amended ("FLSA"); she brings a claim under state law for Worker's Compensation retaliation; and she also has brought common law claim of breach of contract for her unpaid wages. Plaintiff also seeks reasonable attorneys fees and costs of this action.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as this claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon §216(b) of the FLSA. This Court has jurisdiction over the state law claims under supplemental jurisdiction, 28 U.S.C. §1367.

3. The acts and omissions that give rise to this action occurred in Brevard County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. a. At all times material hereto, Plaintiff resided in Brevard County, Florida.

   b. At all times material hereto, Plaintiff was employed with BCSO in its Animal Services and Enforcement Department.

5. a. DEFENDANT BREVARD COUNTY SHERIFF'S OFFICE (BCSO) is a political subdivision of the State of Florida and was the employer of Plaintiff.

   b. DEFENDANT BCSO has the capacity to sue and be sued.

   c. DEFENDANT BCSO is a covered employer under Section 3(s)(1)(C) of the FLSA.

6. Moreover, in performing services for Defendant, Plaintiff engaged in commerce by regularly using the instrumentalities of interstate commerce in her work through her regular and recurrent use of interstate telephone and mail services. Therefore, Plaintiff was subject to individual coverage pursuant to the FLSA.

7. At all times material hereto, Defendant was Plaintiff's employer, as that term is defined under the FLSA.

## GENERAL ALLEGATIONS

8. Plaintiff was initially hired by Brevard County as its Animal Care Center Supervisor as a temporary employee on July 12, 2014 and was made full-time on August 16, 2014.

9. In that position she was a salaried employee and exempt from overtime under the FLSA.

10. Plaintiff was hired by Brevard County during the time that the County's Animal Services department was going to be transferred to the Brevard County Sheriff's Office.

11. Plaintiff became employed by Defendant BCSO effective October 1, 2014.

12. At BCSO, Plaintiff was paid hourly and was eligible to receive overtime pay under the FLSA and BCSO policies.

13. Plaintiff was terminated from her employment with Defendant on December 3, 2014.

## COUNT I: FLSA (UNPAID OVERTIME COMPENSATION)

14. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 13 by reference.

15. The FLSA requires that covered employers compensate covered nonexempt employees at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per work week.

16. The relevant period is the entire term of Plaintiff's employment with BCSO, from October 1, 2014 through December 3, 2014.

17. Defendant was a covered employer during the relevant period.

18. Plaintiff was a covered employee during the relevant period.

19. Defendant was Plaintiff's employer during the relevant period.

20. Plaintiff was initially told she was an exempt salaried employee when she began

working for Brevard County and that she would also be an exempt salaried employee with Defendant BCSO.

21. During the time she believed she was an exempt employee, Plaintiff did not clock in and out but did record her time worked.

22. Shortly after she was transferred to the employ of the Defendant BCSO, Plaintiff was told that she was not an exempt employee, that she was now an hourly non-exempt employee, and that she was required to clock in and out.

23. Plaintiff worked over 40 hours a week on a regular basis while employed at BCSO but was not paid overtime for all overtime hours worked.

24. Defendant BCSO only paid some of the overtime hours worked by Plaintiff.

25. The position held by Plaintiff with Defendant was non-exempt and Plaintiff was entitled to be paid overtime pay for all hours over 40 per week.

26. Due to inadequate staffing, Plaintiff was unable to complete all of the work required of her in the hours she was scheduled.

27. After her scheduled hours, Plaintiff had to clean the shelter, pull dead animals from cages, provide water to all animals, and perform other tasks to attend to the needs of the animals.

28. If Plaintiff had not stayed after hours to clean and attend to the animals, the animals in the care of Defendant would have been left in filth and the health of the animals would be jeopardized.

29. When Plaintiff attempted to get more staff, she was told that was not an option.

30. Plaintiff informed her supervisor of the overtime she had to work to complete the required tasks.

31. Her supervisor infrequently approved her overtime or some portion of it.

32. At some point, Plaintiff's supervisor told her to stop telling her about the problems and the need for staffing or overtime.

33. When Plaintiff recorded her time actually worked on her timesheets, her supervisor would change or direct her to change the hours, either to eliminate the overtime altogether or to reduce the amount of overtime to be paid.

34. On the days Plaintiff was scheduled off duty, she would receive multiple text messages and phone calls related to her job.

35. At a minimum, Plaintiff worked through her lunch and at least two hours past her scheduled end of the day, averaging three hours per day and 15 hours per week of overtime pay through that period.

36. Plaintiff was paid on an hourly basis.

37. Her supervisors and manager were well aware of Plaintiff working overtime but not getting paid for it.

38. On some occasions, Plaintiff's supervisor was present and working with her while Plaintiff was working overtime.

39. On one such occasion, Plaintiff worked four hours of overtime but after the time was worked, her supervisor told her that she would approve only one hour of overtime for Plaintiff.

40. Her supervisor would refuse to sign off on her time card unless Plaintiff reduced the hours worked.

41. For the pay period October 1st to October 10th, 2014, after Plaintiff submitted her hours worked, her supervisor instructed her to reduce the 97 hours she worked to 80 hours, eliminating all overtime.

42. At this time, Plaintiff's supervisor informed her that Plaintiff was an hourly employee,

that she had to clock in and out on the Defendant's timekeeping system, and had to get approval before working overtime.

43. Plaintiff's supervisor also told her she was to record no more overtime or she would be written up.

44. In order to comply with her supervisor's demands, Plaintiff often clocked out and then continued to work, with the knowledge of her supervisor.

45. During the pay period October 11th to October 24th, Plaintiff worked 96.25 hours of time approved by her supervisor and an additional 15 hours that the supervisor refused to approve.

46. The supervisor refused to approve the Plaintiff's hours unless she changed them, removing the fifteen hours of overtime she had worked and of which her supervisor was aware she had worked.

47. Plaintiff's supervisor also informed her that she would be disciplined if she continued to include overtime hours worked for which she did not get prior approval to work.

48. At that time, she was also advised by Major Jeter, then the head of the Defendant's Animal Services department, to not answer her phone, and not to send text messages or emails after hours or on days off.

49. During the pay period October 25th to November 7th, 2014, Plaintiff worked but did not record seven hours of overtime, out of fear that she would be disciplined for working overtime.

50. She worked those overtime hours to clean the facility, make sure all animals had water, and put away supplies that had arrived.

51. Plaintiff was off for four days from October 30th to November 2nd, 2014.

52. Upon her return to work on November 3rd, 2014, Major Jeter told Plaintiff that she was on call 24/7, that Plaintiff had to answer her phone and record any hours worked, and if any

these calls required her to work overtime, she had to contact her supervisor for approval.

53. For the pay period November 8th to November 21st, 2014, when approving Plaintiff's overtime hours worked, Plaintiff's supervisor said words to the effect of "they'll kill me for approving this overtime."

54. During that pay period, Plaintiff worked twelve to sixteen hour days with no lunch.

55. She did not record all hours worked out of fear of reprisal.

56. Plaintiff was terminated from her employment with Defendant during the next pay period, on December 3, 2014.

57. Plaintiff estimates that she often worked ten to sixteen hours per day during the relevant time period, taking no time off for lunch.

58. Plaintiff did not receive overtime compensation for all hours worked in excess of forty (40) per workweek during the relevant time period.

59. Subsequent to her discharge from employment by Defendant, Plaintiff made demand for the unpaid overtime which she had recorded but her supervisor had made her remove from her time but the County failed to pay.

60. Plaintiff was not subject to any exemption(s) to the overtime pay requirements of the FLSA during the relevant period.

61. Plaintiff regularly worked in excess of forty (40) hours a week during the relevant period.

62. During the relevant period, Defendant failed to fully pay Plaintiff overtime compensation for all workweeks in which she worked in excess of forty (40) hours.

63. By virtue of the foregoing, Plaintiff has been damaged in the loss of overtime wages, and has incurred, and will continue to incur, costs and reasonable attorney's fees.

64. The Defendant's violations of 29 U.S.C.§§ 201 *et seq.* were repeated, willful and intentional.

65. Defendant has demonstrated its willful intent to violate the FLSA in that it had no reasonable basis for believing that Plaintiff was an exempt employee or not otherwise entitled to overtime compensation for hours worked over 40 in a workweek.

66. Defendant's willful intent to violate the FLSA is further reflected by Defendant instructing Plaintiff not to truthfully report the number of hours actually worked by her on her timesheets.

67. Defendant failed to pay Plaintiff overtime compensation in bad faith and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

68. Defendant willfully violated the overtime compensation provisions of the FLSA. Consequently, Plaintiff is entitled to seek recovery for a period of three (3) years preceding the filing date of this Complaint.

69. Plaintiff is entitled to declaratory and injunctive relief mandating compliance with the requirements of the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid overtime compensation, liquidated damages, and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## COUNT II: RETALIATION - FLSA

70. This is a cause of action by Plaintiff against the Defendant for retaliation under FLSA.

71. Plaintiff re-alleges the above paragraphs 1 through 13, 15 through 69, as if fully set forth herein.

72. Plaintiff asserted her right to receive overtime pay for all hours worked.

73. Defendant retaliated against Plaintiff because she complained about having to work so much time without proper compensation.

74. As a result of her complaints about working long hours without receiving proper compensation, Plaintiff was retaliated against by Defendant, resulting in her termination of employment.

75. Defendant further intentionally and wrongfully retaliated against Plaintiff by the termination of her employment.

76. Defendant retaliated against Plaintiff with malice and intent, and with a reckless disregard of the statutory rights of the Plaintiff.

77. Defendant retaliated against Plaintiff in bad faith and without any legal justification.

78. As a direct and proximate cause of the aforesaid wrongful conduct of Defendant, Plaintiff suffered damages including a loss of employment, loss of income, loss of employment benefits, emotional distress, humiliation, great expense including attorneys fees and costs to appeal the discharge, embarrassment, damage to her reputation, pain and suffering, mental anguish and loss of the enjoyment of life.

WHEREFORE, Plaintiff **PATRICIA PORTER** demands judgment against Defendant **BREVARD COUNTY SHERIFF'S OFFICE** for legal and equitable relief for the retaliation against him, including compensatory damages for back pay, lost wages and emotional distress and reinstatement or front pay, attorney's fees and costs, and such other relief as this Court deems just and proper.

## COUNT III: BREACH OF CONTRACT/WAGES OWED

79. This is a cause of action by Plaintiff against the Defendant for breach of contract for wages owed due to Defendant's payroll shortages and its failure to pay her the regular time, overtime and other benefits to which she was entitled that is not subject to the FLSA.

80. Plaintiff re-alleges the above paragraphs 1 through 13, 22 through 55, 57 through 59, and 61 through 63, as if fully set forth herein.

81. In addition to the damages sought under Plaintiff's overtime claim, Plaintiff also seeks damages pursuant to the terms and conditions of the BCSO's personnel policies.

82. Some of the BCSO's policies and procedures provide that certain time is counted as working time toward overtime that would not be counted in that way under the FLSA.

83. The Defendant materially breached the contract with Plaintiff by failing to comply with the contractual terms requiring it to fully pay Plaintiff for all time worked.

84. Under the FLSA, vacation and holiday pay do not count as working time toward overtime and overtime is only paid once the hours actually worked exceed forty in a workweek.

85. However, under the actual or implied contract, Plaintiff was entitled to receive overtime for hours over forty in a week, including vacation, holiday, sick time and other components not allowed under FLSA.

86. Defendant failed to pay Plaintiff for all of the regular and overtime hours she worked, pursuant to the actual or implied contract.

87. Defendant breached the actual or implied contract by failing to pay Plaintiff the regular pay and overtime he worked.

88. The contract also required Defendant to make appropriate contributions into Plaintiff's state retirement system account, which is based upon the amount of pay received.

89. By failing to pay Plaintiff the appropriate amount of pay under the FLSA, Defendant breached its contractual obligations to Plaintiff to make appropriate contributions to her retirement account.

90. Additionally, Defendant has breached its contract by failing to make appropriate contributions into Plaintiff's retirement account for all unpaid hours worked.

91. Plaintiff has been damaged by the Defendant's failure to contribute into her pension account for all unpaid overtime and regular time.

92. Plaintiff is entitled to receive as damages the contractual benefits that she has been denied plus interest on all amounts of unpaid wages and retirement benefits.

93. In addition to all of the unpaid wages, benefits, perpetuities and remuneration due to Plaintiff from Defendant under the contract, as a direct and proximate cause of the material breach of contract by Defendant, Plaintiff has incurred special damages such as damage and harm to her career and career path, loss of professional development, stigma and damage to her future employment and vocational opportunities.

94. Plaintiff is entitled to declaratory and injunctive relief mandating compliance with the requirements of the contract.

95. Because of the Defendant's breach of the contract, Plaintiff has retained the law firm of Martha A. Chapman, P.A. to enforce Plaintiff's rights under the contract.

96. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to recover attorney's fees and costs upon prevailing in the case for the unpaid wages due under the contract.

WHEREFORE, Plaintiff **PATRICIA PORTER** demands judgment against Defendant **BREVARD COUNTY SHERIFF'S OFFICE** for the following:

A. Full payment of all monetary sums, salary, wages, benefits, remuneration, pension

contributions, and compensation which Plaintiff would have received but for the Defendant's breach of the contract, plus any and all indirect and/or consequential damages incurred by Plaintiff due to the Defendant's breach of the Contract; and

B. Full compensation for all lost benefits and perquisites; and

C. Full compensation for special damages incurred by Plaintiff such as damage to Plaintiff's career, professional development, stigma. future job opportunities and vocational opportunities; and

D. Prejudgment interest and post-judgment interest on all sums, at the maximum rate allowed by Florida law; and

E. An award of reasonable attorneys' fees and costs pursuant to Section 448.08, Florida Statutes; and

F. All remedies available to Plaintiff at law and/or at equity; and

G. Granting any and all other and further relief that this Court deems fit and proper, including declaratory relief finding and declaring violations of the contract and injunctive relief preventing any further violations of the contract.

### COUNT IV: WRONGFUL DISCHARGE BY DEFENDANT IN VIOLATION OF FLAT. STAT. § 440.205

97. Plaintiff restates and re-alleges the factual allegations contained in paragraphs 1 through 5, 11 and 13 above.

98. Plaintiff suffered a workplace injury on November 14, 2014.

99. Plaintiff fell off a step ladder while cleaning a feral cat cage on Defendant's premises.

100. Plaintiff was treated for her injuries by a doctor.

101. The treating doctor allowed Plaintiff to return to work on November 18, 2014 with

light duty restrictions of "no above-shoulder level work with the right arm, lifting to 5 pounds below shoulder level, and no forceful pulling or pushing with the right arm."

102. Defendant failed to provide Plaintiff with sufficient assistance to allow her to work within those limitations.

103. Plaintiff returned to the treating doctor on December 2, 2014.

104. The doctor continued the same light duty restrictions for Plaintiff.

105. Plaintiff provided the second light duty restrictions to Defendant that same day.

106. Plaintiff was terminated from her employment with BCSO on the following day, December 3, 2014 without good cause and, instead, motivated at least in part by her worker's compensation claim.

107. Plaintiff timely made her Workers' Compensation claim to her employer.

108. Fla. Stat. § 440.205 states:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

109. As a result of Plaintiff's filing a claim for workers' compensation benefits, Defendant discharged Plaintiff.

110. Defendant's actions were willful, wanton, and outrageous and without regard for Plaintiff's rights and feelings.

111. As a result of Defendant's actions, Plaintiff has suffered economic and emotional damages.

WHEREFORE, Plaintiff **PATRICIA PORTER** demands judgment against Defendant **BREVARD COUNTY SHERIFF'S OFFICE** and seeks relief in the form of: economic damages, including lost wages, benefits, and other remuneration; reinstatement of full fringe benefits; front

and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, prejudgment and post judgment interest and any other relief the court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: February 28, 2017

Respectfully Submitted,

*/s/ Martha A. Chapman*
Martha A. Chapman
Florida Bar Number 0004464

MARTHA A. CHAPMAN, P.A.
1219 E. Livingston Street
Orlando, FL 32803
Telephone: 407-896-4835
Fax: 407-574-7912
marty@martychapmanlaw.net

Counsel for Plaintiff