# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PATRICIA PORTER,

      Plaintiff,

v.                                         CASE NO.: 6:17-cv-346-Orl-31TBS

WAYNE IVEY, in his official capacity
as Sheriff of Brevard County, Florida

      Defendant.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL

Plaintiff, PATRICIA PORTER ("Porter") and Defendant, WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida ("Ivey" or "Defendant") (all parties collectively referred to as the "Parties"), jointly submit this Motion, requesting that this Court approve the Parties' settlement of Plaintiff's FLSA claims in the above-captioned matter.  The good cause warranting approval is as follows:

### I.    Legal Principles

Pursuant to the case law regarding settlement of claims brought under the Fair Labor Standards Act ("FLSA"), there are two ways in which FLSA claims can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *see also*

1

*D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

## II.    <u>Settlement of FLSA Claims</u>

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

The Settlement Agreement provides to Plaintiff all overtime, unpaid wages and liquidated damages[1] that Plaintiff claimed was due to her in her responses to Defendant's Interrogatories. Because Plaintiff will receive all the compensation arguably due to her for her FLSA overtime claim, Plaintiff has not compromised her claims within the meaning of *Lynn's Food*.

---

[1] The amount liquidated damages is not identical to the amount of unpaid wages and overtime because some of the unpaid overtime claimed was for overtime not required under FLSA but is provided instead under Defendant's payroll practices

Unlike the FLSA overtime claim, any settlement of Plaintiff's FLSA retaliation, worker's compensation retaliation and breach of implied contract claims do not require Court approval, so long as it does not contaminate settlement of her FLSA wage claim. *Thompson v. Dealer Mgmt. Servs., Inc.*, No. 6:16-cv-1468-Orl-40KRS, 2016 WL 7644856, at *2 (M.D. Fla. Dec. 13, 2016), *report and recommendation adopted*, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017). Because Plaintiff is receiving full compensation for her FLSA wage claim, any settlement of her FLSA retaliation claim cannot have tainted the amount she received to settle the FLSA wage claim.

Plaintiff asserts that the attorney's fees designated to be paid to Plaintiff's counsel under the FLSA wage claims are reasonable in amount[2] and were separately negotiated without any reduction of payment to the Plaintiff and that Plaintiff's FLSA damages (including liquidated damages) shall not be further reduced by any contingency fee agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  A copy of the (unsigned) FLSA Settlement Agreement agreed to by the Parties is attached as **Exhibit A**.  The parties also negotiated the terms of a mutual general release of claims in a separate agreement, which is supported by meaningful and independent consideration.  General release provisions have been approved when the plaintiff receives separate consideration. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release).  All of the Parties were advised and represented by counsel throughout the litigation and settlement process.

---

[2] The fees to be paid to Plaintiff's counsel under the FLSA claim is a substantial reduction from the amount of time Plaintiff's counsel represents she expended on the FLSA wage claims.

II.    <u>**Conclusion**</u>

The Parties jointly and respectfully request this Court to approve the FLSA Settlement Agreement of the Parties, and dismiss the instant action between the Parties with prejudice.

Respectfully submitted this 1st day of October, 2018.


*/s/Martha A. Chapman*
Martha A. Chapman, Esq.
Florida Bar No.: 0004464
marty@martychapmanlaw.net

**MARTHA A. CHAPMAN, P.A.**
1219 E. Livingston Street
Orlando, Florida 32803
Telephone: 407-896-4835
Facsimile: 407-574-7912

**ATTORNEY FOR PLAINTIFF**

*/s/ Mark E. Levitt*
Mark E. Levitt, Esquire
Florida Bar No.: 0193190
Email: mlevitt@anblaw.com

Shannon L. Kelly
Florida Bar No.: 031093
Email: skelly@anblaw.com

**ALLEN, NORTON & BLUE, P.A**.
1477 W. Fairbanks Ave., Suite 100
Winter Park, FL 32789
(407) 571-5152 Phone
(407) 571-1496 Facsimile

**COUNSEL FOR DEFENDANT**


<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this date, October 1, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel for all parties.

*/s/ Martha A. Chapman*
Martha A. Chapman

4